WILLIAM T. POPHAM, imp'd &c. *ads.* ELIPHALET BAKER, and others.

*An affidavit of merits must be served for the purpose of a motion,* otherwise defendant can not be let in to defend on terms, where an inquest has been taken against him, and where he moves to set it aside for irregularity.

*Motion by defendant to set aside inquest for irregularity.*—This was an action of assumpsit; the defendant pleaded the general issue accompanied with the usual affidavit of merits under the 98th rule. At the last May circuit in New York, plaintiff took an inquest against the defendant, for $710·94. Defendant did not *file* any affidavit of merits supposing the one served with the plea was sufficient to prevent an inquest. Defendant moved on papers having no affidavit of merits for the motion, supposing the affidavit which accompanied the plea was sufficient for the purpose of the motion also.

D. EGAN, *Defts Counsel.*     G. CLARKE, *Defts Atty.*
     *Plffs Counsel.*       BELL & COE, *Plffs Atty.*

JEWETT, Justice.—Denied the motion, on the ground that there was no affidavit of merits served for this motion.

*Decision.*—Motion denied with costs.